UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **CHAMBERS OF**<br>**CHARLES D. AUSTIN**<br>**UNITED STATES MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7810**<br>**MDD_CDAChambers@mdd.uscourts.gov** |

August 23, 2024

LETTER TO ALL COUNSEL OF RECORD

Re: *Bereniced W. v. Martin O'Malley, Commissioner, Social Security Administration*
Civil No. 23-1856-CDA

Dear Counsel:

On July 10, 2023, Plaintiff petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for benefits. ECF 1. This case was then referred to a magistrate judge with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). The Court has considered the record in this case (ECF 8) and the parties' briefs (ECFs 13, 16, 19). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons explained below, the Court will REVERSE the SSA's decision and REMAND the case to the SSA for further consideration.

## I.    PROCEDURAL BACKGROUND

Plaintiff protectively applied for disability insurance benefits on September 13, 2021, alleging a disability onset of December 30, 2019. Tr. 18. The claim was denied initially and on reconsideration. *Id.* On February 15, 2023, an administrative law judge ("ALJ") held a hearing. *Id.* On March 1, 2023, the ALJ determined that Plaintiff was not disabled during the relevant time frame. Tr. 15–38. The Appeals Council denied Plaintiff's request for review, Tr. 1–7, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.    THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). The SSA evaluates disability claims using a five-step process. *See* 20 C.F.R. § 404.1520. Under this process, an ALJ determines whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

*Bereniced W. v. O'Malley*
Civil No. 23-1856-CDA
August 23, 2024
Page 2

Here, at step one, the ALJ found that Plaintiff did not engage in substantial gainful activity during the relevant time frame. Tr. 20. At step two, the ALJ found that Plaintiff had the following severe impairments: bilateral knee osteoarthritis, migraine headaches, and plantar fascia fibromatosis. Tr. 21. The ALJ also found that Plaintiff had the following non-severe impairments: neck pain, back pain, panic disorder, and anxiety disorder. *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairments. Tr. 24. The ALJ then determined that, through the date on which she was last insured, Plaintiff had the residual functional capacity[1] ("RFC") to:

> perform light work . . . except the individual can frequently climb ramps and stairs; never climb ladders, ropes, or scaffolds; and frequently balance, stoop, kneel, crouch, and crawl. The individual can never work at unprotected heights, or around moving mechanical parts. The individual can occasionally work in extreme cold, and occasionally work in extreme heat. The individual can work in moderate noise. The individual can never work in strobing light.

Tr. 25. At step four, the ALJ found that Plaintiff was able to perform her past relevant work as an administrative clerk. Tr. 30. At step five, the ALJ made the alternative finding that Plaintiff could perform other jobs that exist in significant numbers in the national economy. Tr. 30–31. The ALJ concluded that Plaintiff was not disabled. Tr. 31.

### III.   LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The ALJ's factual findings are conclusive if supported by "substantial evidence," 42 U.S.C. § 405(g), which is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id.*

### IV.   ANALYSIS

Plaintiff argues that: (1) the ALJ erroneously assessed opinion evidence; (2) the ALJ erred at steps three, four, and five; and (3) the ALJ erroneously assessed Plaintiff's RFC and credibility. ECF 13, at 1. Defendant counters that: (1) substantial evidence supports the ALJ's RFC finding; (2) substantial evidence supports the ALJ's evaluation of Plaintiff's subjective complaints and migraines; (3) the ALJ properly considered the disability rating of another agency; and (4) the ALJ did not err at steps four and five. ECF 16, at 5–24.

At step two, an ALJ must use a "special technique" to determine the severity of a claimant's mental impairments. 20 C.F.R. § 404.1520a(a). To apply the technique, the ALJ rates the claimant's degree of limitation in four "broad functional areas." *Id.* § 404.1520a(c)(3). Each area

---

[1] Residual functional capacity ("RFC") is the most a claimant can still do despite their limitations. *See* 20 C.F.R. § 404.1545(a)(1).

*Bereniced W. v. O'Malley*
Civil No. 23-1856-CDA
August 23, 2024
Page 3

is rated using "the following five-point scale: None, mild, moderate, marked, and extreme." *Id.* § 404.1520a(c)(4). If the claimant's limitations are no more than "mild," the ALJ will generally conclude that the claimant's mental impairments are not severe. *Id.* § 404.1520a(d)(1).

After applying the special technique, the ALJ must assess the claimant's RFC. *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *4 (July 2, 1996). An RFC assessment is "more detailed" than a special-technique analysis—to determine RFC, the ALJ must "itemiz[e]" any functional deficits resulting from the limitations identified during the special-technique analysis. *Id.* The ALJ must do so even if they previously found that the claimant's mental limitations were "mild." *See Felix S. v. Comm'r of Soc. Sec.*, 630 F. Supp. 3d 423, 430 (W.D.N.Y. 2022); *accord Paar v. Astrue*, No. 9-5169, 2012 WL 123596, at *13 (N.D. Ill. Jan. 17, 2012).

Here, a medical source opined that Plaintiff had a mild limitation in concentrating, persisting, or maintaining pace. Tr. 140. The ALJ found the opinion persuasive, *see* Tr. 28, and adopted the source's finding at step two, *see* Tr. 22. The ALJ noted that their special-technique analysis was "not a residual functional capacity assessment but [was] used to rate the severity of mental impairments[.]" Tr. 23. Although the ALJ stated that a "more detailed assessment" of the impact of Plaintiff's mental limitation was to follow, *id.*, the ALJ did not explain how Plaintiff's mild mental limitation affects her RFC, *see* Tr. 24–30.

The ALJ erred by failing to explore whether Plaintiff's mild limitation in maintaining, concentration, persistence, or pace warrants a corresponding limitation in the RFC assessment. *See* SSR 96-8p, 1996 WL 374184, at *4–7; *Felix S.*, 630 F. Supp. 3d at 430; *accord Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012) (remanding because, among other reasons, the ALJ failed to take mild limitations into account when determining the RFC). Because a proper assessment of Plaintiff's RFC may affect the conclusions reached at steps four and five in this case, the ALJ's error warrants remand. *See Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989). As the Court remands Plaintiff's case on these grounds, it does not reach the remainder of her arguments and expresses no opinion on the ultimate merits of her applications for benefits.

V.   **CONCLUSION**

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g). The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge